NOT DESIGNATED FOR PUBLICATION

No. 115,906

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN D'CORY-DEJO BUFFINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 30, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*: Justin Buffington pled guilty to one count of leaving the scene of an accident resulting in a fatality, a severity level 5 person felony under K.S.A. 2011 Supp. 8-1602(a) and (b)(5). In exchange for his guilty plea, Buffington was granted 36 months of probation in place of imprisonment. His underlying prison term was 34 months. Buffington violated his probation twice by committing new crimes. At his second violation hearing, the trial court revoked his probation and imposed the underlying prison sentence of 34 months. Buffington appeals, arguing that the trial court abused its discretion in revoking his probation. Specifically, Buffington argues that the imposition

1

of his prison sentence would not serve his needs and the needs of the community, which would be better served by extending his probation and ordering additional addiction treatment. For reasons set forth below, we reject this argument. Accordingly, we affirm.

On October 15, 2012, Buffington was charged under K.S.A. 2011 Supp. 8-1602(a) and (b)(5), with leaving the scene of an accident resulting in a fatality, a level 5 person felony. On April 22, 2013, Buffington pled guilty as charged. He explained that he had struck a person riding a bicycle and left the scene of the accident. He did not return to the scene or contact law enforcement. He was later contacted by law enforcement and turned himself in. On June 6, 2013, Buffington was sentenced to 36 months of probation under the supervision of Community Corrections. Buffington was sentenced to an underlying prison term of 34 months, representing the aggravated presumptive prison sentence for his crime.

On April 28, 2014, about 10 months after he was sentenced, a bench warrant was issued for Buffington. The warrant alleged that Buffington had committed a new offense—driving under the influence—and had consumed alcohol, both violations of the terms of his probation.

On May 23, 2014, the trial court held a probation revocation hearing. At the hearing, Buffington admitted that the allegations in the warrant were true. As a result of Buffington's probation violations, the trial court modified probation and ordered Buffington to serve 60 days in county jail. Buffington was further ordered to complete the Residential Community Corrections Program; to obtain new drug and alcohol and mental health evaluations; and to follow all recommendations of the evaluations. The trial judge told Buffington that if he was unable to complete the Residential Community Corrections Program, or if he was caught drinking and driving again, he would most likely be going to prison.

2

On July 21, 2015, a second bench warrant was issued for Buffington. The warrant alleged that Buffington had admitted to consuming alcohol; he tested positive for alcohol in a urinalysis; he was discharged from one of his treatment programs for failing to attend; and he failed to report for his scheduled visit with his probation officer. A revocation hearing was set for December 11, 2015.

On December 14, 2015, a third bench warrant was issued for Buffington. The warrant alleged that Buffington committed three new offenses: (1) violating an ignition interlock device; (2) possessing marijuana; and (3) transporting an open container in a vehicle. The warrant also alleged that Buffington had failed to report to his probation officer and had absconded from the supervision of Community Corrections.

On February 18, 2016, the trial court held a revocation hearing regarding both the July 21, 2015, warrant, and the December 14, 2015, warrant. At the hearing, Buffington admitted that all allegations in the two warrants were true. As a result of his admission, the State withdrew the allegation that Buffington had absconded. The State requested that Buffington's underlying sentence be imposed. Buffington argued that his probation should be extended. He presented the court with an evaluation from the Substance Abuse Center of Kansas that recommended he undergo inpatient treatment. The Substance Abuse Center stated that Buffington could begin his program on May 13, 2016. Buffington offered to stay in the State's custody until the program began. Buffington also told the court that his addiction issues were caused by post-traumatic stress disorder, flowing from leaving the scene of the fatality accident. After hearing arguments, the trial court revoked Buffington's probation and imposed his underlying sentence. Buffington was ordered to serve 34 months in prison.

*Did the Trial Court Abuse Its Discretion in Revoking Buffington's Probation?*

Buffington argues that the trial court abused its discretion when it revoked his probation because "the imposition of the prison sentence was not appropriate in achieving the goals of the Kansas Sentencing Guidelines." He asserts that his needs and the community's needs would have been better addressed by extending his probation and ordering further treatment for his addiction.

A trial court abuses its discretion (1) when no reasonable person would agree with the court's view; (2) when based on an error of law; or (3) when based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

As a preliminary matter, we will address Buffington's assertion that his needs and the community's needs would have been better addressed by extending his probation and ordering additional addiction treatment. This question was specifically addressed by the trial court at Buffington's second probation revocation hearing. The trial judge made the following remarks regarding Buffington's and the community's best interest.

> "I can't take the chance that you're going to kill somebody, including yourself. I took that chance when I placed you on probation back in . . . June of 2013[.] . . . You had the . . . previous probation violation . . . [a]nd that was based upon a DUI allegation[.]
>
> . . . .
>
> ". . . And then we have these violations that include . . . an ignition interlock violation. . . . And then we've got marijuana use. We've got transporting an open container. A man who has killed somebody while driving a car and who has been on probation with a 34-month underlying sentence who has committed a DUI and/or alleged and still is on probation, I can't take that chance. I can't take the chance that somehow all of the sudden you have realized the error of your ways. I hope that is right, but I can't take that chance and most likely the guy to be killed is you."

Based on those remarks, it is clear that Buffington's best interests and the best interests of the community would not have been better served by an extension of Buffington's probation. Buffington's two probation violations for new crimes involved crimes committed in vehicles. The first violation included a charge for driving under the influence. The second violation included an ignition interlock device violation and transportation of an open container in a vehicle. The second violation also included possession of marijuana. In light of Buffington's original crime of conviction, the trial court was correct to be hesitant to take another chance on extending Buffington's probation where he had shown a pattern of exhibiting poor judgment. Accordingly, we reject Buffington's assertion that his interests and the community's interests would have been better served by extending his probation.

Next, we consider whether the trial court's actions constituted an abuse of discretion. The trial court revoked Buffington's probation under K.S.A. 2016 Supp. 22-3716(c)(8)(A), after his second probation violation. Generally, K.S.A. 2016 Supp. 22-3716(c) recommends graduated levels of punishment for consecutive probation violations. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(E). But K.S.A. 2016 Supp. 22-3716(c)(8)(A) states that "[i]f the offender commits a new felony or misdemeanor while the offender is on probation . . . the court may revoke the probation . . . pursuant to (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D)." K.S.A. 2016 Supp. 22-3716(c)(1)(E) authorizes the court to impose the violator's underlying prison sentence.

Here, Buffington clearly committed new crimes. At his first revocation hearing he admitted to driving under the influence of alcohol. As a result, the trial court extended his probation and ordered him to complete the Residential Community Corrections Program. At his second revocation hearing Buffington admitted to committing the new crimes of possessing of marijuana; violating an ignition interlock device; and transporting an open container in a vehicle. He also admitted that he had tested positive for alcohol; that he

5

was unsuccessfully discharged from one of his addiction treatment classes; and that he had failed to report to his probation officer. As a result of his second revocation hearing, the trial court revoked his probation and imposed the underlying sentence. Buffington was ordered to serve a 34-month prison term.

In light of Buffington's new crimes, we cannot say that no reasonable person would adopt the trial court's view. Instead, we find that the trial court's hesitation to "take another chance" on Buffington was well founded. Additionally, the trial court properly revoked Buffington's probation under the intermediate sanction bypass statute, K.S.A. 2016 Supp. 22-3716(c)(8)(A). Thus, the court's action was not based on an error of law. Finally, Buffington admitted to committing the new crimes. The trial court took special care in clarifying exactly which allegations Buffington was admitting to from each bench warrant. Therefore, the trial court's action was not based on an error of fact. In conclusion, the trial court properly revoked Buffington's probation.

Affirmed.